IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| VERSANT SUPPLY CHAIN, INC. and AT&T SERVICES, INC. | ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Halima Ibrahim (Ibrahim) and other employees who wore hijabs for religious reasons. As alleged with greater particularity in paragraphs 15 and 20 below, Plaintiff Equal Employment Opportunity Commission claims Defendants Versant Supply Chain, Inc. (Defendant Employer Versant) and AT&T Services, Inc., (Defendant Employer AT&T) (collectively hereafter, Defendant Employers), refused to provide a religious accommodation to Ibrahim and other employees such as Ayan Muhammed (Muhammed) who wore a hijab for religious reasons.

Defendant Employers demanded that Ibrahim, Muhammed and other employees remove their hijabs before Defendant Employers would allow them to work at Defendant Employer AT&T's warehouse. When the employees refused to remove their hijabs, Defendant Employers denied the employees placement/assignment at Defendant Employer AT&T. Defendant

Employer AT&T interfered with the employment opportunities of Ibrahim, Muhammed, and other employees who wore a hijab for religious reasons.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee at Memphis.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Employer Versant, has continuously been a Delaware corporation doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer Versant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.     At all relevant times, Defendant Employer AT&T, has continuously been a Delaware corporation doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Employer AT&T has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Ibrahim filed a charge with the Commission alleging violations of Title VII by Defendant Employers.

9. On September 6, 2018, the Commission issued to Defendant Employers Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employers to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant Employers to provide Defendant Employers the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from Defendant Employers conciliation agreements that were acceptable to the Commission.

12. On September 20, 2018, the Commission issued to Defendant Employers Notices of Failure of Conciliation advising Defendant Employers that the Commission was unable to secure from Defendant Employers conciliation agreements acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### I. FAILURE TO PROVIDE A RELIGIOUS ACCOMMODATION CLAIM

14. Since at least August 2015, Defendant Employers have engaged in unlawful employment practices at their respective facilities located at 3956 South Perkins, Memphis,

Tennessee, 38118 and 5155 Citation Drive, Memphis, Tennessee, 38118, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

15. The unlawful employment practices include failing to provide a reasonable accommodation to Ibrahim, Muhammed and other employees to allow them to wear a hijab in accordance with their religious beliefs.

(a) Defendant Employer Versant has a contractual agreement to provide services for Defendant Employer AT&T at Defendant Employer AT&T's Memphis Distribution Center (i.e., warehouse).

(b) The terms of the contract between Defendant Employers include the placement of Defendant Employer Versant's employees at Defendant Employer AT&T's warehouse to perform certain jobs.

(c) Ibrahim is a twenty-seven-year-old Somali refugee and resident of Memphis, Tennessee.

(d) Ibrahim practices Islam as her sincerely held religious belief.

(e) Ibrahim's religious practices as a Muslim include wearing a hijab.

(f) Defendant Employer Versant hired Ibrahim as a temporary employee on or about December 13, 2014.

(g) In August 2015, Defendant Employer Versant offered Ibrahim a picker position at Defendant Employer AT&T's warehouse.

(h) On or about August 26, 2015, Ibrahim attended a job orientation with Defendant Employer Versant in preparation for the job assignment at Defendant Employer AT&T's warehouse.

(i) When Ibrahim appeared at Defendant Employer Versant's office for the orientation, Defendant Employer Versant's training instructor, Janelle Carter (Carter), informed Ibrahim that Defendant Employer AT&T would not allow Ibrahim to wear a hijab in its warehouse.

(j) Carter further explained to Ibrahim that wearing a hijab violated Defendant Employer AT&T's dress code.

(k) Defendant Employer AT&T's Dress Code Guidelines for vendors and visitors prohibits certain "inappropriate attire" that does not meet Defendant Employer AT&T's standards of neatness, cleanliness, good taste, and common decency.

(l) Defendant Employer AT&T's Dress Code Guidelines for vendors and visitors lists stirrup pants, leggings, overalls, sweat pants, jogging suits, tank tops, baseball caps, **scarves**, t-shirts, tight fitted clothing, etc., as inappropriate attire. (emphasis added)

(m) According to Defendant Employer AT&T's Dress Code Guidelines, a knitted cap represents the only acceptable head covering in the workplace.

(n) According to Defendant Employer Versant's Dress Code, written specifically for its employees assigned to work at Defendant Employer AT&T's facility and modeled after Defendant Employer AT&T's dress code, a knit cap represents the only acceptable head covering in Defendant Employer AT&T's warehouse.

(o) Defendant Employer Versant's Dress Code also prohibits baggy or extremely oversized clothing, and flowing garments.

(p) Defendant Employer Versant explains that its Dress Code prohibits baggy and flowing garments for safety reasons to help prevent any scrapes or cuts.

5

    (q)    Ibrahim informed Carter that her religion requires her to wear the hijab.

    (r)    Ibrahim advised Carter she could adjust how she wore the hijab to eliminate any safety concerns (i.e., she could wear the hijab flush/form fitting to her face/head and inside of her clothing or wrapped tightly around her head).

    (s)    Ibrahim attempted to demonstrate for Carter the various ways she could modify the hijab.

    (t)    Carter told Ibrahim there was nothing she could do.

    (u)    In addition to the encounter with Ibrahim described above, Defendant Employer Versant sent Muhammed and other employees who wore hijabs for religious reasons to work at Defendant Employer AT&T's warehouse.

    (v)    When Muhammed and other employees who wore hijabs for religious reasons arrived at the Defendant Employer AT&T warehouse wearing a hijab, Defendant Employer AT&T refused to allow them to enter the facility although Defendant Employer AT&T knew that the employees wore the hijabs for religious reasons.

    (w)    Defendant Employer Versant did not consider Ibrahim's proposed religious accommodation, nor any other religious accommodation for Ibrahim and its other employees who wear hijabs and for whom it assigned to work at Defendant Employer AT&T's warehouse.

    (x)    Defendant Employer Versant did not contact Defendant Employer AT&T to discuss whether Defendant Employer AT&T could modify its policy to accommodate the religious beliefs of Ibrahim and other employees who wear hijabs.

    (y)    Defendant Employer Versant continued to assign employees who did not wear hijabs to work at Defendant Employer AT&T's warehouse.

(z) Defendant Employer AT&T did not consider any accommodations for the employees who wear hijabs.

(aa) Defendant Employer AT&T interfered with the employment of Ibrahim and other Versant employees who wear a hijab.

16. The effect of the practices complained of in paragraph 15 (a) –(aa) above has been to deprive Ibrahim, Muhammed and other employees who wear a hijab for religious reasons of equal employment opportunities and otherwise adversely affect their status as an employee, because of their religion.

17. The unlawful employment practices complained of in paragraph 15 (a) –(aa) above were intentional.

18. The unlawful employment practices complained of in paragraph 15 (a)–(aa) above were done with malice or with reckless indifference to the federally protected rights of Ibrahim, Muhammed and a class of employees who wear a hijab for religious reasons.

## II. PLACEMENT/ASSIGNMENT CLAIM

19. Since at least August 2015, Defendant Employers have engaged in unlawful employment practices at their respective facilities located at 3956 South Perkins, Memphis, Tennessee, 38118 and 5155 Citation Drive, Memphis, Tennessee, 38118, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

20. The unlawful employment practices include refusing to allow Ibrahim and other employees who wear a hijab for religious reasons, including Muhammed, to work at AT&T because they refused to remove their hijab worn in accordance with their religious beliefs.

(a) The Commission incorporates by reference, paragraph 15 (a) –(aa).

  (b)  Defendant Employers would not allow Ibrahim, Muhammed, and other employees who wear a hijab to work at AT&T because they refused to remove their hijab.

  (c)  Ibrahim, Muhammed, and the other employees wore a hijab for religious reasons.

  (d)  Defendant Employers knew Ibrahim, Muhammed, and other employees who wore a hijab held a sincere religious belief that precluded them from removing their hijab.

  (e)  Defendant Employers allowed employees who did not wear a hijab to work at AT&T.

  (f)  Defendant Employers refused to allow Ibrahim, Muhammed, and other employees who wear a hijab to work at AT&T because of their religion.

  21.  The effect of the practices complained of in paragraph 20 (a) –(f) above has been to deprive Ibrahim, Muhammed and other employees who wear a hijab for religious reasons of equal employment opportunities and otherwise adversely affect their status as an employee, because of their religion.

  22.  The unlawful employment practices complained of in paragraph 20 (a) –(f) above were intentional.

  23.  The unlawful employment practices complained of in paragraph 20 (a) –(f) above were done with malice or with reckless indifference to the federally protected rights of Ibrahim, Muhammed and a class of employees who wear a hijab for religious reasons.

## PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer Versant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion and from refusing to place employees because of their religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer Versant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who may need reasonable accommodations for their religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer Versant to make whole Ibrahim and a class of employees who wear a hijab for religious reasons by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

D. Order Defendant Employer Versant to make whole, Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 and 20 above, in amounts to be determined at trial.

E. Order Defendant Employer Versant to make whole, Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15 and 20 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer Versant to pay Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, punitive damages for its malicious and reckless conduct, as described in paragraphs 15 and 20 above, in amounts to be determined at trial.

    G.    Grant a permanent injunction enjoining Defendant Employer AT&T, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion and from refusing to place employees because of their religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

    H.    Order Defendant Employer AT&T to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who may need reasonable accommodations for their religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

    I.    Order Defendant Employer AT&T to make whole Ibrahim and a class of employees who wear a hijab for religious reasons by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

    J.    Order Defendant Employer AT&T to make whole, Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 and 20 above, in amounts to be determined at trial.

K.     Order Defendant Employer AT&T to make whole, Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15 and 20 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

L.     Order Defendant Employer AT&T to pay Ibrahim and a class of employees who wear a hijab for religious reasons, including Muhammed, punitive damages for its malicious and reckless conduct, as described in paragraphs 15 and 20 above, in amounts to be determined at trial.

M.     Grant such further relief as the Court deems necessary and proper in the public interest.

N.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ *Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730
Telephone (901) 544-0088
faye.williams@eeoc.gov

s/ *Markeisha K. Savage*
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693
Telephone (901) 544-0133
markeisha.savage@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Ste. 900
Memphis, TN  38104

12